ANNE BEST et al.

*v.*

O. D. McBROOM et al.

462 S.W.2d 487.

(*Jackson,* April Term, 1970.)

Opinion filed January 4, 1971.

JOHN W. PALMER, Dyersburg, for appellants.

J. THOMAS CALDWELL, Ripley, for appellees.

Mr. Justice McCanless delivered the opinion of the Court.

This suit is before us on appeal from the Circuit Court which sustained a demurrer to a petition filed in the County Court by which seven of the children of Mrs. Minnie (J. L.) McBroom sought either to have Mrs. McBroom's conservator, Jim Seeley, removed or to have one of the petitioners serve with the conservator who had heretofore been appointed. The County Judge sustained the demurrer when the issue was presented in the County Court, and the petitioners appealed to the Circuit Court.

We have before us for consideration only the Circuit Court's action in sustaining the demurrer to the petition and have no reason to consider the other parts of the transcript.

The recitations of the petition are that in January, 1969, all the petitioners but one filed their petition seeking the appointment of one of their number, Aubrey McBroom, as conservator of their mother but that when the petition was heard the court had declined to appoint him and had appointed Jim Seeley who had qualified as required by the order by which he was appointed; that since the entry of that order O. D. McBroom, one of the children of Mrs. McBroom, had died leaving his estate to his mother and that since the order had been entered their mother had been confined to a nursing home at a cost of more than $300.00 a month. The petitioners averred that one of them, Mamie M. Edwards, had agreed with other members of the family to care for their mother for $175.00 a month, but that when she had removed her from the nursing home the conservator had obtained an

order from the County Court under the authority of which the Sheriff had returned her to the nursing home. They asserted that they had the right by their petition to obtain an order taking from the conservator his control over the person of their mother so that she could be removed from the nursing home and cared for by either Mrs. Edwards or another of the adult children; to have the said Jim Seeley file an accounting of his receipts and disbursements, and to name an adult son, Aubrey McBroom, to serve with Jim Seeley in the handling of their mother's business affairs and funds. The petitioners prayed that upon the hearing the court pronounce an order placing Mrs. Edwards or one of the other adult children in charge of the management of their mother's person and either to remove Jim Seeley entirely as conservator of her property or to name Aubrey McBroom to serve with him in controlling and managing her property.

The conservator filed a demurrer on the ground that there was a want of proper parties and that specifically Mrs. Minnie McBroom had not been made a party to the proceeding and that the petition did not allege grounds for the appointing of another conservator in the place of the defendant Seeley.

In our opinion the petitioners have not averred a reason for the removal of the defendant Seeley as conservator or for the appointing of another to act with him. Conservators are appointed under the authority of Chapter 10 of Title 34 of Tennessee Code Annotated, and Section 34-1015 provides that conservators may be discharged in the same manner as the guardian of a minor. Such a discharge is governed by Section 34-419, T.C.A., and the petition contains no allegation of any of the grounds enumerated in this section.

Mrs. McBroom is not a party to the petition seeking the removal of Jim Seeley as conservator; but either she in her own proper person or by next friend is a necessary party to the proceeding. *Ruohs v. Backer* (1871), 53 Tenn. 395, 19 Am.Rep. 598. This omission constitutes a fatal defect in the petition.

The judgment of the Circuit Court by which it sustained the demurrer is affirmed.

DYER, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and ADAMS, SPECIAL JUSTICE, concur.